Good morning, Your Honor. It's James Vons on behalf of Petitioner in this matter. Yeah. You may proceed. May it please the Court, I'd like to reserve five minutes of my time for rebuttal because I hope my opening remarks will be relatively brief. This matter is, in my mind, a straightforward petition in that the immigration judge here relied on precedent that's been vacated, and in the course of assuming that the proposed particular social group was foreclosed, I think she engaged in a less than thorough examination of whether the petitioner was a member of that group that she believed was foreclosed. As you know, she relayed to the opinion that the matter of AB, the 2018 iteration of that BIA decision, foreclosed the petitioner's social group, and I disagree with that. I think our brief indicated that our position about the original AB case was that it did not foreclose any particular social group. What it did was make the analysis a lot more difficult. Nevertheless, AB's been vacated. As Ms. Perry was kind enough to provide the Court in 2020, or 21 rather, the new Attorney General vacated AB and returned, I think, the jurisdictional component of particular social groups to pre-AB status, which means that the particular social group proposed in this case isn't truly, in fact, viable. It goes back to pre-AB analysis, which is the ARCG analysis. Well, if I might interrupt, I just wanted to ask you a factual question. Sure. And that is if we accept, of course, now we have the AB-3, I think it's called, that there is this, assuming there is this social group of women who are domestic violence victims and they can't leave their relationships, but your client actually did leave the relationship. She's not sure that she's still married, but more importantly, she left that relationship to go live with her mother. So my question is, how is it she is still in this social group? Good question, Your Honor. The idea that she left and stayed with her mother is somewhat in dispute. That is what she said, but the question of how long she was there is in dispute. As you may recall, the petitioner indicated she stayed originally with her mom for a matter of months, and it became 16 months, and she was clearly confused about how long she was there. But while she was there, her abuser came to look for her. And what I think the immigration judge didn't consider is that if the petitioner is sitting back now, she'll go back with the abuser's child, which the abuser knows about, but she'll also go back with another minor child to part of another relationship. And I think if the abuser was concerned about her being his property and being under his control when she was there, it'll be even worse when she goes back. So I think the fact that she was at her mother's house for a limited period of time does not necessarily mean that she'll always be free from this individual. That was a finding of fact, though, made by the immigration judge, wasn't it? It was a finding of fact that the immigration judge believed that she had been at this house for 16 months. Now, the immigration judge took all of the evidence that was there and made a finding that she was not at all bothered during the time period she was with her mother. The board affirmed that factual finding. How are you going to tip that over now? It seemed to me that the factual finding that's been made would be difficult for us to just step aside. I can appreciate that. What I think both the BIA and the immigration judge didn't appreciate fully is the fact that there was, in fact, a call made to Petitioner's sister shortly before the immigration judge. How do you say they didn't appreciate the facts were before the IJ? The IJ made a factual decision approved by the board. We can't just set it aside because something might have happened. They had all of the facts. How do we overcome that factual determination approved by the board? Good question. I'm not saying that this panel should basically create new facts or decide differently. I just think that this court can look at what both tribunals did, the BIA and the IJ, and determine that there was not a sufficient analysis of those facts. Where do you say there was not a sufficient analysis? There was no objection made by the district that we don't just tip over factual findings in our place. What is there that would be special about this, and what case would you rely upon that we can just disagree with what the IJ found and it was approved by the board? What's your strongest case that we have power to do that? I would argue that because the immigration judge felt she was foreclosed. No, no, no. I ask you, what is the strongest case that we could follow what you want us to do and step aside from the finding of fact approved by the board? What is your strongest case that we could rely on to do that? As in the citation to a prior 9th Circuit case? Any case from anywhere that you think is sufficient that we should consider in setting aside a finding of the fact made by the IJ and approved by the board? Well, I think the matter of AB 2021 shows that there's certainly always an avenue for redress, where a prior tribunal has made a decision that does not comport with the facts in the law. I think there's always going to be room for someone, this panel or another, to look back and say that should be. You mean you want us to set aside the factual determination made by the IJ and approved by the board? I'd like her to have a chance, her being the IJ, to have a chance to renew her analysis, not being bound by what is now vacated precedent. You're down to under four minutes. Do you want to reserve? Yes, sir. Thank you. Ms. Perry? May it please the court, Roseanne Perry on behalf of the Attorney General. Substantial evidence supports the agency's finding that petitioner failed to establish her eligibility for asylum. Petitioner failed to establish that she's a member of her proposed social group of female victims of domestic violence in El Salvador, unable to leave the relationship. First, she failed to exhaust before the board her claim, and she also waives her claim before this court. In any case, even if her social group was cognizable, she failed to show that she's a member in that group. The record shows that she was able to leave her marital home and live with her parents or her mother for 16 months before she came to the United States. While her husband went to visit in February 2013 after she left her marital home, her mother told him to leave and he never returned, and she hadn't encountered him before she came to the United States. And he had not asked about her previous to her in the four years before her marriage hearing. And she doesn't know where he lives right now, and she does not know if she's still married to him. Based on this, the record does not compel the conclusion that she is eligible for asylum, and the court should deny the petition for review. Any further questions? What do you suggest we do with the attorney general removing one of the cases that you've been relying upon? I don't know what removal means. Is it just a big question mark, or does it indicate that the attorney general is going to take a different position someplace along the way, or do we just not deal with it and wait and see what happens? Well, it's irrelevant because she has to show that she's a member of a particular social group, and even if her social group is cognizable, she hasn't shown that she's a member of that group. She was able to leave her relationship and live with her mother for 16 months. So your position is we should just rely on the facts, not get to the social group issues that are going to come up from the attorney general's action, and just decide and wait. That's your position? Yes, that's right. Any further questions? Okay. Thank you for your argument. We'll hear rebuttal. Mr. Vons? You may proceed with rebuttal. Sam, I think we better move on to the next case. Why don't you tell counsel that he can submit a written rebuttal if he wishes?
judges: WALLACE, THOMAS, McKEOWN